## JACOBY v. JAMES.

(Supreme Court, Appellate Division, First Department.   January 21, 1910.)

1. LIBEL AND SLANDER (§ 94*)—ACTIONS—PLEA—JUSTIFICATION.

In an action for libel, an answer alleging as a third defense and in justification that the matter complained of, though never published or circulated, was true, was bad on demurrer, since, though truth is a defense for libel, and justification means a plea of the truth, the plea of justification is a plea of confession and avoidance, and must admit the publication of the alleged defamatory words.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 220; Dec. Dig. § 94.*]

2. LIBEL AND SLANDER (§ 94*)—ACTIONS—PLEA—JUSTIFICATION.

Nor was the defense saved because in the next paragraph of the answer it was alleged that in mitigation of damages defendant repeats all the matter stated under the third defense and will give evidence thereof as a partial defense in mitigation of damages as well as in justification, since, while not numbered as a fourth and partial defense, that is what it is as a matter of fact and law, and as the pleader in this paragraph has characterized the former paragraph as the third defense, the court must treat it as a complete defense in justification.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 220; Dec. Dig. § 94.*]

3. LIBEL AND SLANDER (§ 94*)—ACTIONS—PLEA—JUSTIFICATION.

A plea of justification in an action for libel, where not as broad as the libel, is bad on demurrer.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 225; Dec. Dig. § 94.*]

Cross-Appeal from Special Term, New York County.

Action by Sellmar M. Jacoby, doing business as S. M. Jacoby Company, against Emile James. From an interlocutory judgment overruling demurrers to the second and third defense, and sustaining a demurrer to the fourth defense in the answer, cross-appeals were taken. Modified and affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Samuel I. Frankenstein, for plaintiff.

Albert R. Lesinsky (Robert H. Hibbard, on the brief), for defendant.

CLARKE, J.   The demurrer to the second partial defense was properly overruled, and the demurrer to the fourth defense was properly sustained.   The answer alleges as follows:

"And for a third defense, and in justification of the statements contained in the letter complained of, defendant alleges (6) that the matter complained of, although never published or circulated by this defendant, was and is substantially true."

And it then proceeds to set up certain parts thereof as true.   This is pleaded as a complete defense, and the truth is a defense in an action for libel, and justification means a plea of the truth; but the plea of justification is a plea of confession and avoidance, and must admit the publication of the alleged defamatory words.   This the defense

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

does not do, but specifically alleges "that the defendant never published or circulated" the alleged libel. The defense is, therefore, bad; and it is also bad because the justification is not as broad as the libel. The demurrer thereto was, therefore, improperly overruled.

Nor is the defense saved because in the seventh paragraph of the answer it is alleged that in mitigation of any damages to which plaintiff might otherwise appear entitled, because of the publication of the alleged libelous matter set forth in the complaint, this defendant repeats and renews all and singular the matter stated under the third defense herein, and will give evidence thereof as a partial defense in mitigation of damages, as well as in justification, because, while not numbered as a fourth and partial defense, that is what it is as matter of fact and law, and as by the language of the seventh paragraph the pleader has characterized the sixth paragraph as the third defense, the court must treat it as he has, as a complete defense in justification.

It follows, therefore, that the interlocutory judgment appealed from should be modified, by sustaining the demurrer to the third defense, and, as so modified, affirmed, without costs to either party, with leave to the defendant to serve an amended answer within 20 days after the service of the order to be entered hereon, on payment of costs in the court below. All concur.